# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ROBERT HAMPTON,<br><br>                    Plaintiff,<br>v.<br><br>STATE OF UTAH DEPARTMENT OF CORRECTIONS; and DOES 1-50, inclusive,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL<br><br>Case No. 1:18-cv-00079-BCW<br><br><br>Magistrate Judge Brooke C. Wells |

The parties consented to the jurisdiction of the undersigned in accordance with 28 U.S.C. 636(c).[1] Pending before the court is Defendant's, State of Utah Department of Corrections, Motion for Partial Dismissal.[2] Pursuant to DUCivR 7-1(f), the court determined oral argument is not necessary. The court GRANTS Defendant's motion for the reasons discussed below.

## BACKGROUND

Plaintiff, Robert Hampton (Plaintiff), was employed as a corrections officer by the State of Utah Department of Corrections (DOC) from May 2016 through July 2017, when he was terminated[3] during his probationary period.[4] During his tenure, he allegedly requested an accommodation–specifically a gun with a smaller circumference.[5] Plaintiff was born missing the second and fifth digit fingers on both hands.[6] Plaintiff alleges DOC did not follow protocol or

---

[1] ECF No. 11.

[2] ECF No. 5.

[3] ECF No. 2, Compl. ¶¶18, 25.

[4] *See* ECF No. 12-1.

[5] *Id*. at ¶¶ 19-20.

[6] *Id.* at ¶15.

respond to his request for accommodation.[7]  Two months after his termination, Plaintiff filed a

Charge of Discrimination (Charge) with the Utah Anti-Discrimination & Labor Division

(UALD).[8]  Due to a work sharing agreement, UALD transferred the initial investigation of the

Charge to the Equal Employment Opportunity Commission (EEOC). Plaintiff alleges he received

a Right to Sue Letter on April 11, 2018.[9]  Thereafter, on July 31, 2018, Plaintiff filed this action

alleging five causes of action: 1) violation of the Rehabilitation Act; 2) violation of Title I of the

Americans with Disabilities Act (ADA); 3) violation of Title V of the ADA; 4) violations of the

Fifth and Fourteenth Amendments; and 5) violation of the Fourth Amendment.  DOC responded

by filing a Motion for Partial Dismissal seeking dismissal of the second, third, fourth and fifth

causes of action.  The court addresses the motion below.

### STANDARD OF REVIEW

A motion to dismiss premised on Eleventh Amendment immunity can properly be raised

as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal

Rules of Civil Procedure.[10]  Under Rule 12(b)(1), the court may "dismiss [a] cause at any stage

of the proceedings in which it becomes apparent that [subject matter] jurisdiction is lacking."[11]

A motion to dismiss brought under Rule 12(b)(1) generally may take two forms:

> First a moving party may make a facial attack on the complaint's allegations as to the
> existence of subject matter jurisdiction ... the district court must accept the allegations in
> the complaint as true. Second, a party may go beyond allegations contained in the
> complaint and challenge the facts upon which subject matter jurisdiction is based ... In

---

[7] *Id*. at ¶¶21-22.

[8] *See* ECF No. 12-1.

[9] Although the Right to Sue Letter is referenced in both the Complaint and proposed Amended Complaint, it was not attached to either, thus it is not part of the record.

[10] *See Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1259 (10th Cir. 2002) (addressing the sovereign immunity issue in the context of subject matter jurisdiction).

[11] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted).

reviewing a factual attack, a court has wide discretion to allow affidavits, [and] other documents[.][12]

The party who seeks to invoke federal jurisdiction bears the burden of establishing that subject matter jurisdiction is proper.[13]

## ANALYSIS

DOC seeks partial dismissal arguing the second and third causes of action are barred by the Eleventh Amendment. Likewise, DOC argues the fourth and fifth causes of action should be dismissed because they are not pled correctly, and even if they were properly brought under 42 U.S.C. §1983, they would be subject to dismissal because DOC is not considered a person under §1983 and are also barred by sovereign immunity. In response, Plaintiff argues DOC waived Eleventh Amendment immunity as to the second and third causes of action, and attached a proposed amended complaint seeking to add the remedy of prospective injunctive relief as a means to save the fourth and fifth causes of action. The court analyzes the issues below.

Plaintiff argues DOC waived immunity by voluntarily removing his action to federal court. The "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one."[14] "Generally, we will find a waiver either if the State voluntarily invokes our jurisdiction, or else if the State makes a 'clear declaration' that it intends to submit itself to our jurisdiction."[15] "In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any

---

[12] *Stuart v. Colorado Interstate Gas Co*., 271 F.3d 1221, 1225 (10th Cir. 2001) (internal citations omitted).

[13] *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189(!0th Cir. 2008).

[14] *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985).

[15] *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd*., 527 U.S. 666, 675-76 (1999).

other reasonable construction.'"[16]  As a preliminary matter, the court finds DOC did not invoke

federal jurisdiction in this case.  There was no removal in this case, the docket unequivocally

shows it was Plaintiff who filed this action in federal court.[17]  Plaintiff, however, argues that

because the UALD made the unilateral decision to transfer the initial investigation of the Charge

to the EEOC this waived DOC's sovereign immunity.  Notably, it was the UALD, not DOC, that

transferred the investigation of the Charge to the EEOC pursuant to a work sharing agreement

between the two agencies.[18]  Nevertheless, in support of his argument, Plaintiff cites section

34A-5-107(16)(b) of the Utah Code which provides as follows:

> The transfer of a request for agency action to the Equal Employment Opportunity
> Commission in accordance with Subsection (1)(d)[19] is considered the commencement of
> an action under federal law for purposes of Subsection (16)(a).

However, in his brief and analysis Plaintiff omitted the phrase "for purposes of

Subsection (16)(a)."  Subsection (16)(a) in turn provides:

> The commencement of an action under federal law for relief based upon an act prohibited
> by this chapter bars the commencement or continuation of an adjudicative proceeding
> before the commission in connection with the same claim under this chapter.[20]

When the two Subsections are read in conjunction, there is no express language to support

Plaintiff's position.  It appears the language of Subsections (a) and (b) of the Utah Code refers to

the jurisdiction of the UALD regarding adjudicative proceedings, not an express waiver of

sovereign immunity by a state agency.  Although this a novel argument, we must reject it.

        "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may

---

[16] *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (internal citation omitted).

[17] *See* ECF No. 2.

[18] *See* ECF No. 12-2.

[19] Section (1)(d) allows the UALD to transfer a request for agency action to the EEOC pursuant to an inter-agency
work-share agreement.  *See* section 34A-5-107(1)(d) of the Utah Code.

[20] *See* section 34A-5-107(16)(a) of the Utah Code.

not be sued by private individuals in federal court."[21]  Here, Plaintiff brings his second and third

causes of action under Title I and V of the ADA.  In *Garrett*, the Supreme Court specifically held

that Eleventh Amendment immunity applies to claims brought under Title I of the ADA, [22] thus

Plaintiff's second cause of action must be dismissed with prejudice.

Neither the Supreme Court or Tenth Circuit has expressly decided whether *Garrett*

extends to alleged violations of Title V.  But other courts have held that such an extension is

warranted at least where the claims are predicated on alleged violations of Title I.[23]  Here,

Plaintiff's third cause of action is premised on allegations that after terminating him, DOC

spread rumors that he was wearing his work coat to obtain benefits as an officer of the law, and

that DOC agents went to Plaintiff's home, demanded his work-coat and took out a knife and cut

the patches from it.[24]  By Plaintiff's own allegations (in both the original and proposed Amended

Complaint), his Title V retaliation claim arises from acts or events related to his employment

with DOC and are thus predicated on violations of Title I. Based on the precedent cited above,

Plaintiff's third cause of action is also barred by Eleventh Amendment immunity and must be

dismissed with prejudice.

The court now addresses Plaintiff's fourth and fifth causes of action.  Both of these

claims attempt to assert direct claims under the U.S. Constitution.  However, Plaintiff has not

brought these constitutional claims against federal officials or pursuant to §1983.  Only

---

[21] *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).

[22] *Id.* at 360.

[23] *See, e.g. Demshki v. Monteith*, 225 F.3d 986, 988 (9th Cir. 2001) ("We . . . conclude that the Court's holding necessarily applies to claims brought Title V of the ADA, as least where  . . . the claims are predicated on alleged violations of Title I.")

[24] *See* ECF Nos. 2 and 12-3 at ¶¶ 61-64.

"persons," as that term has been defined by the courts, are subject to suit under § 1983.[25]  The Supreme Court and the Tenth Circuit have made clear that "neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes ... is a person within the meaning of §1983."[26]  DOC is an arm of the state and therefore cannot be sued under §1983.  Moreover, DOC also enjoys Eleventh Amendment immunity as to these two claims,[27]  thus Plaintiff's constitutional claims against DOC must be dismissed with prejudice as well.

Plaintiff argues these two claims should not be dismissed because he has always intended to pursue those constitutional claims under §1983.  Plaintiff also avers that at this stage of the litigation "it is yet unknown who is responsible for such claims[.]"[28]  Finally, Plaintiff claims he remedied any issue pertaining to these claims by attaching an amended complaint pursuant to Rule 15 which seeks prospective injunctive relief and thus under the *Ex Parte Young* doctrine these two claims should not be dismissed.  Plaintiff is correct in asserting that under *Ex Parte Young* prospective injunctive relief is not barred by the Eleventh Amendment.[29]

However, to determine whether the *Ex Parte Young* doctrine applies, the court applies a four-part test:

> (1) whether the action is against state officials or the state itself; (2) whether the alleged conduct of the state officials constitutes a violation of federal law; (3) whether the relief sought is permissible prospective relief or is analogous to a retroactive award of damages impacting the state treasury; and (whether the suit rises to the level of implicating special sovereignty interests.[30]

---

[25] *Ambus v. Utah State Bd. of Educ.*, 858 P.2d 1372, 1376 (Utah 1993) (citations omitted).

[26] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995).

[27] *Lambertsen v. Utah Dept. of Corrections*, 922 F. Supp. 533, 538 (D. Utah 1995), *affirmed*, 79 F.3d 1024 (10th Cir. 1996) (the State Department of Corrections "is a state agency immune from suit for money damages in this court.")

[28] ECF No. 12 at 8.

[29] 209 U.S. 123 (1908).

[30] *Robinson v. Kansas*, 295 F.3d 1183, 1191 (10th Cir. 2002) (internal citations omitted).

The court has reviewed the proposed Amended Complaint and it does not meet this four-part test. First, the proposed Amended Complaint does not name any actual state officials, it alleges up to 50 DOE defendants, but the only named defendant is the DOC, an arm of the state. It is also unclear whether the relief sought is permissible prospective injunctive relief. The only requested declaratory relief pertains to Plaintiff's employment and termination, not his alleged takings claims (removal of DOC patches on his work-coat).[31] In fact, the only difference between the original complaint and the proposed amended complaint is the addition of one paragraph, paragraph 71, which states:

> It is clearly established that law enforcement cannot deprive a person from their personal property absent due process of law. In this instance, without due process of law, Mr. Hampton was falsely accused of a crime, and then three (3) officers, without warrant, accosted Mr. Hampton at his residence and removed by force and show of violence with a knife certain personal property that was being held on Mr. Hampton's immediate person.[32]

Even if the court were to allow Plaintiff to file the proposed amended complaint, the addition of this one paragraph alone would be futile because it does not cure the deficiencies in the original complaint. Thus, the court must dismiss the alleged constitutional claims against DOC, the only named defendant, with prejudice.

## CONCLUSION

For the above set forth reasons, IT IS HEREBY ORDERED that Defendant's Motion for Partial Dismissal is GRANTED. Plaintiff's second, third, fourth and fifth causes of action against DOC are dismissed with prejudice.

---

[31] *See* ECF No. 12-3 at 14.

[32] *Id.* at ¶71.

DATED this 25 March 2019.

Brooke C. Wells
United States Magistrate Judge