IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ROBERT HAMPTON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH DEPARTMENT OF CORRECTIONS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S [125] MOTION TO RECONSIDER**<br><br><br>Case No. 1:18-cv-00079-CMR<br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings, including entry of final judgment (ECF 11). 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Plaintiff Robert Hampton's (Plaintiff) Motion to Reconsider (Motion) (ECF 125). Defendant Utah Department of Corrections (Defendant) did not a file a response to the Motion. Having carefully considered the relevant filings, the court finds that oral argument is not necessary. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES the Motion.

## I.    BACKGROUND

On September 22, 2021, the court issued an Order granting summary judgment to Defendant on Plaintiff's failure to accommodate, retaliation, and discrimination claims (Summary Judgment Order) (ECF 94), which Plaintiff timely appealed. *See Hampton v. Utah Dep't of Corr.*, No. 1:18-CV-00079-CMR, 2021 WL 4307037 (D. Utah Sept. 22, 2021). On December 26, 2023, the Tenth Circuit issued its Mandate (ECF 109) affirming in part and reversing in part the Summary Judgment Order. *See Hampton v. Utah Dep't of Corr.*, 87 F.4th 1183 (10th Cir. 2023). On February 29, 2024, this court directed the parties to submit supplemental briefing on the issues remanded by

the Tenth Circuit (ECF 119), which the parties have since submitted (ECF 120–24), and which the court will address by way of a separate order.

On May 2, 2024, Plaintiff filed a Motion to Recall the Mandate (Motion to Recall) with the Tenth Circuit based on *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346 (2024), a Supreme Court opinion issued on April 17, 2024.[1] Defendant filed an Opposition to the Motion to Recall arguing that new Supreme Court precedent is not grounds to recall the Mandate. On June 12, 2024, the Tenth Circuit denied Plaintiff's Motion to Recall. On December 30, 2024, Plaintiff filed the present Motion asking this court to reconsider its Summary Judgment Order based on the *Muldrow* case. In the Motion, Plaintiff reasserts arguments made in the Motion to Recall before the Tenth Circuit.[2] Defendant did not a file a response, and the time for doing so has passed. *See* DUCivR 7-1(a)(4)(D)(ii) ("A response to a motion must be filed within 14 days after service of the motion."). The court considers Plaintiff's arguments below.

## II.    LEGAL STANDARDS

Plaintiff asks the court to reconsider its Summary Judgment Order pursuant to Rule 54 of the Federal Rules of Civil Procedure (ECF 125 at 1). "Although motions for reconsideration are not specifically provided for under the Federal Rules of Civil Procedure, courts entertain them under Rule 54(b), if they relate to an interlocutory order." *Scalia v. Beantown Painting, Inc.*, No. 2:19-cv-00353, 2020 WL 9256556, at *1 (D. Utah Dec. 29, 2020). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights

---

[1] The court finds that the proceedings in *Hampton v. Utah Dept. of Corrections*, No. 21-4127 (10th Cir.) directly relate to the case at hand and therefore takes judicial notice of the filings in the Tenth Circuit. *See Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016) ("[A]lthough not obliged to do so, a court in its discretion may 'take judicial notice of publicly-filed records in [federal] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.'" (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192, n.5 (10th Cir. 2007))).

[2] The court notes that the argument section in the present Motion appears to be nearly identical to the same section in the Motion to Recall with citations to the appellate record rather than the district court docket (ECF 125 at 5–8).

and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a

judgment adjudicating all the claims." Fed. R. Civ. P. 54(b).

"Grounds warranting a motion to reconsider include (1) an intervening change in the

controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or

prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Using a motion to reconsider to revisit issues "that have already been addressed in the initial

briefing 'is not the purpose of a motion to reconsider,'" and "more importantly, 'advancing new

arguments or supporting facts which were otherwise available for presentation when the original .

. . motion was briefed' is 'inappropriate.'" *Scalia*, 2020 WL 9256556, at *1 (quoting *Van Skiver

v. United States*, 952 F.2d 1241, 1242–44 (10th Cir. 1991)).

### III.    DISCUSSION

Resolution of the present Motion requires the court to interpret the Tenth Circuit's Mandate

regarding the Summary Judgment Order. The mandate rule "provides that a district court must

comply strictly with the mandate rendered by the reviewing court." *Huffman v. Saul Holdings Ltd.

P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001) (quoting *Ute Indian Tribe v. Utah*, 114 F.3d 1513,

1520–21 (10th Cir. 1997)). The district court is "bound to carry the mandate of the upper court

into execution and [cannot] consider the questions which the mandate laid at rest." *Est. of

Cummings by & through Montoya v. Cmty. Health Sys., Inc.*, 881 F.3d 793, 801 (10th Cir. 2018)

(quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)). Generally, the district court

"has no power or authority to deviate from the mandate issued by an appellate court." *SOLIDFX,

LLC v. Jeppesen Sanderson, Inc.*, 823 F. App'x 559, 565 (10th Cir. 2020) (quoting *Briggs v. Pa.

R.R. Co.*, 334 U.S. 304, 306 (1948)). The district court "may deviate from the mandate 'under

exceptional circumstances, including (1) a dramatic change in controlling legal authority; (2)

significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) if blatant error from the prior . . . decision would result in serious injustice if uncorrected.'" *Huffman*, 262 F.3d at 1133 (quoting *United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996)).

A mandate "consists of [the Tenth Circuit's] instructions to the district court at the conclusion of the opinion, and the entire opinion that preceded those instructions." *Dutcher v. Matheson*, No. 2:11-CV-666 TS, 2014 WL 3039090, at *2 (D. Utah July 3, 2014), *aff'd,* 840 F.3d 1183 (10th Cir. 2016) (quoting *Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 (10th Cir. 2003)). "Where the parties dispute the scope of the mandate, and whether it did or did not decide a particular issue, the district court must exercise discretion to determine the scope of any proceedings on remand and what issues remain undecided, unless the mandate has 'specifically cabined' the district court's discretion." *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-CV-1468-WJM-BNB, 2018 WL 803663, at *3 (D. Colo. Feb. 9, 2018), *aff'd,* 823 F. App'x 559 (10th Cir. 2020) (quoting *Dish Network Corp. v. Arrowood Indem. Co.*, 772 F.3d 856, 864 (10th Cir. 2014)).

Here, the court notes Plaintiff did not address the mandate rule and its requirements. Instead, Plaintiff points to new Supreme Court precedent in *Muldrow* regarding the standard for establishing an adverse employment action (ECF 125 at 3). In *Muldrow*, the Supreme Court held that the plaintiff "need only show some injury respecting her employment terms or conditions" such that her "transfer must have left her worse off, but need not have left her significantly so." *See Muldrow*, 601 U.S. at 359. On this basis, Plaintiff asks this court to reconsider the portion of the Summary Judgment Order where the court concluded that Plaintiff "failed to establish that his reassignment was an adverse employment action" and therefore granted summary judgment to

Defendant on Plaintiff's "retaliation claim based on his reassignment." *Hampton*, 2021 WL 4307037, at *7. In the Mandate, the Tenth Circuit affirmed this portion of the court's ruling, reasoning that Plaintiff's "assignment may not have been the position [he] desired, but, on the record before us, we cannot conclude it represented an adverse employment action." *Hampton*, 87 F.4th at 1199. Under these circumstances, Plaintiff's Motion asking for reconsideration of this court's ruling on Plaintiff's retaliation claim based on reassignment falls squarely within the scope of the Tenth Circuit's Mandate.

Presented with nearly identical arguments as in the Motion before this court, the Tenth Circuit denied the Motion to Recall, noting that "the power to recall or modify a mandate is limited and should be exercised only in extraordinary circumstances." *Hampton v. Utah Dept. of Corrections*, No. 21-4127 (10th Cir. June 12, 2024) (quoting *Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah*, 114 F.3d 1513, 1522 (10th Cir. 1997)). The court declines to deviate from the Mandate where Plaintiff has failed to demonstrate exceptional circumstances and where the Tenth Circuit has previously declined to recall the Mandate on similar grounds.

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, the court hereby DENIES Plaintiff's Motion (ECF 125).

DATED this 29 August 2025.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah