IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ROBERT HAMPTON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH DEPARTMENT OF CORRECTIONS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S [128] MOTION TO VACATE REFERRAL**<br><br>Case No. 1:18-cv-00079-CMR<br><br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff Robert Hampton's (Plaintiff) Motion to Vacate Referral (Motion) (ECF 128). Defendant Utah Department of Corrections (Defendant) did not file a response to the Motion. Having carefully considered the relevant filings, the court finds that oral argument is not necessary. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES the Motion.

## I. BACKGROUND

The court previously issued an Order granting summary judgment to Defendant on Plaintiff's failure to accommodate, retaliation, and discrimination claims (Summary Judgment Order) (ECF 94), which Plaintiff timely appealed. *See Hampton v. Utah Dep't of Corr.*, No. 1:18-CV-00079-CMR, 2021 WL 4307037 (D. Utah Sept. 22, 2021). On December 26, 2023, the Tenth Circuit issued its Mandate (ECF 109) affirming in part and reversing in part the Summary Judgment Order. *See Hampton v. Utah Dep't of Corr.*, 87 F.4th 1183 (10th Cir. 2023). On May 2, 2024, Plaintiff filed a motion to recall the Mandate with the Tenth Circuit, which was denied.[1] On

[1] The court finds that the proceedings in *Hampton v. Utah Dept. of Corrections*, No. 21-4127 (10th Cir.) directly relate to the case at hand and therefore takes judicial notice of the filings in the Tenth Circuit. *See Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016).

December 30, 2024, Plaintiff filed a motion to reconsider the Summary Judgment Order with this court (ECF 125). On August 29, 2025, the court issued an Order denying Plaintiff's motion to reconsider (August 29, 2025 Order) (ECF 126).

All parties in this case have previously consented to the undersigned conducting all proceedings, including entry of final judgment (ECF 11). 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. On September 12, 2025, Plaintiff filed the present Motion requesting withdrawal of his consent to a United States magistrate judge presiding over this case (ECF 128). On the same date, Plaintiff also filed an Objection (ECF 127) to the court's August 29, 2025 Order denying his motion to reconsider. Defendant did not a file a response to either filing, and the time for doing so has passed. *See* DUCivR 7-1(a)(4)(D)(ii). On November 25, 2025, Plaintiff filed a Request to Submit (ECF 129) regarding the Motion and the Objection. The court considers Plaintiff's arguments below.

## II. DISCUSSION

As an initial matter the court addresses the authority of magistrate judges to rule on a motion to withdraw consent. There is a split of authority regarding whether a magistrate judge has the authority to rule directly on a motion to withdraw consent. 14 Moore's Federal Practice - Civil § 73.04 (2025). The Ninth Circuit has held that Rule 73(b)(3) and 28 U.S.C. § 636(c)(4) contemplate a ruling by a district judge on a motion to withdraw consent. *Id.* (citing *Branch v. Umphenour*, 936 F.3d 994, 1002 (9th Cir. 2019)). Meanwhile, the Second, Fifth, and Seventh Circuits have concluded that magistrate judges have the power to rule on a motion to withdraw consent.[2] The Tenth Circuit recently affirmed a magistrate judge's denial of a motion to reconsider

[2] *Id.* (citing *McCarthy v. Bronson*, 906 F.2d 835, 838 (2d Cir. 1990) (magistrate judge faced with party's withdrawal of consent "could have declined to vacate the 636(c) consent and adjudicated the merits definitively"); *Sockwell v. Phelps*, 906 F.2d 1096, 1097 (5th Cir. 1990) ("Clearly, the magistrate had the jurisdiction and power to permit the withdrawal of consent as he did"); *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1097 (7th Cir. 1987) (agreeing with magistrate judge's reasoning about why withdrawal of consent shouldn't be allowed without comment on magistrate judge's authority)).

that included a request to withdraw consent, finding "no merit to [the plaintiff's] contention that magistrate judges lack the power to rule on motions to withdraw consent." *Sifuentes v. Cap. One*, No. 25-4123, 2026 WL 322610, at *2, n.1 (10th Cir. Feb. 6, 2026). The undersigned therefore proceeds to consider the Motion.

28 U.S.C. § 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1). There is no absolute right to withdraw consent to proceed before a magistrate judge. *See United States v. Simmonds*, 179 F.R.D. 308, 311–12 (D. Colo. 1998) (citing *United States v. Neville*, 985 F.2d 992, 1000 (9th Cir. 1993)). Consent may only be withdrawn "if the district court, on its own motion, finds good cause to do so, or, on motion by a party, under extraordinary circumstances." *Rivera v. Rivera*, 216 F.R.D. 655, 659 (D. Kan. 2003) (citing 28 U.S.C. § 636(c)(4)).

Here, Plaintiff argues extraordinary circumstances exist to withdraw his consent because of "significant delays" and "critical legal errors" in the undersigned's rulings that have resulted in "substantial cost to Plaintiff" (ECF 128 at 4). Plaintiff's arguments are conclusory and do not demonstrate that the processing of motions in this case by the undersigned has been materially different from that of other cases by other judges of this court. Plaintiff also claims that the undersigned has "refused to apply clear controlling law" after remand (ECF 128 at 5). As noted above, both this court and the Tenth Circuit have previously rejected such arguments in Plaintiff's post-remand motions. Plaintiff essentially seeks to withdraw consent because he disagrees with the court's rulings in this case, but this disagreement does not constitute extraordinary

circumstances. The court declines grant Plaintiff's request to withdraw his consent where Plaintiff has failed to demonstrate extraordinary circumstances.[3]

## III. CONCLUSION AND ORDER

For the foregoing reasons, the court hereby DENIES Plaintiff's Motion (ECF 128).

IT IS SO ORDERED.

DATED this 8 September 2026.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

[3] In light of this ruling, the court declines to consider Plaintiff's Objection (ECF 127) to the August 29, 2025 Order.